May it please the court, my name is Michael Pollard and along with my colleagues William Rapolo and Kyle Olson we represent the appellant Maritime Life. Following upon in the court's admonition to get right to the heart of it, this is a complicated case unfortunately this one isn't going away it's been around for eight and a half years and there are two independent but interrelated issues that are at issue in this appeal. First is whether the district court erred by concluding after the first phase of a bifurcated bench trial that the collateral assignment which is at issue in this first phase trial was authentic. The second issue is whether the district court erred in authorizing and directing counsel for a sovereign foreign nation to intervene and take the laboring war and representing the government's interest in this asset forfeiture. About that issue, it seemed odd to me that the district court allowed that intervention but I'm not sure what difference it makes at the end of the day because at the hearing itself the government participated as the only party opposing your interest and it just doesn't seem to me that whatever happened before that hearing matters. Why am I wrong about that? Well, if I may, I'd like to talk about the number of ways that that prejudiced my client. First of all, I think the authenticity determination was impacted by it. Secondly, the government really exceeded . . . How was the authenticity? We put on three witnesses. Ms. Alfonso whom Judge Huck found to have a very fine demeanor went to testimony that had been adduced by the Republic of Trinidad and Tobago. It was not addressed during the trial testimony to be elicited by the United States and said that her testimony changed. So they used testimony that would not have been elicited had it not been for the Republic of Trinidad and Tobago to undermine her credibility without respect to demeanor. He relied on a deposition also taken by the Republic of Trinidad and Tobago. It's prior testimony. They could rely on it if it had come from a different proceeding. I don't understand why that makes a difference. It would not have existed. The government who's saying that's the evidence the district court should consider once the hearing takes place, right? What if it came from another civil proceeding? They could use it in the same way. If it was, again, as an admission against interest, I guess. If your interest had been represented in the proceeding, which they were, I don't understand . . . keep going. There's actually . . . Are there prejudices? Actually, if I could get through them all. Early in the case, the United States government intended to vacate the order of forfeiture with respect to the Red Road property. That was in 2006 or something, wasn't it? Correct. Then the Republic of Trinidad and Tobago objected. Then without explanation, the government files a reply and says, oops, we are going to go through forfeiture. They changed their fundamental litigation position. Trinidad took the lead in all of the mediation sessions here. We know that section 853 of Title 21 authorizes the Attorney General to reach compromises in cases like this, not a foreign sovereign. Trinidad insisted . . . It didn't settle. I'm sorry? It didn't settle, right? That's correct. It didn't settle. What difference does it make? Because had they not been there, it may have. The objection here is that the case should have settled. The objection is that the case should not have gone on eight and a half years. The first phase about authenticity, Trinidad insisted on a forensic document examination of the collateral assignment. The Secret Service went out and conducted that at RTT's request and it came up with nothing to show any type of inauthenticity. We went out and got an expert. These proceedings were inordinately delayed. 853 intends a much more streamlined type. In addition . . . Is Trinidad the victim? Trinidad is a victim. Would it have been . . . let's say it's error to allow them to intervene, to participate in the pretrial discovery. Could they have nevertheless, as the victim, assisted the government, as a non-party, as a non-party victim? First of all, Section 853 does not contemplate that. 853 has a separate section on depositions and it says a court may allow depositions upon application of the United States Attorney. It says nothing about outside third parties participating. The section on outside third parties . . . Assume for the . . . I get it. Assume for the purposes of my question that it's error to allow them to intervene as a party. Could though the government have nevertheless worked with them as a non-party victim to assist them in gathering evidence? It didn't. Well, could it have? If it had addressed conflict issues, if it had sworn them to take an oath of office to defend the Constitution of the United States, something that's pretty odd that you would ask the lawyers for . . . Why would a victim have to take an oath to support the Constitution of the United States? If they're acting on behalf of the United States as a special assistant attorney? They're assisting the government as a victim of crime. They can't assist as a victim of crime . . . Why not? . . . and participate in the proceedings. They can be a special assistant attorney general and appointed in accordance with those statutes and with the executive office manuals. But none of those things were done. And in fact, the government took a position adverse to its own theory of forfeiture. It cost my client an enormous amount of money to litigate against all these much more straightforward proceeding between the government and my client. We wouldn't be here eight and a half years later. And had it been, it could have led to exactly the same result? Unlikely, because I don't think the government actually would have challenged the authenticity of the document. You think if we sent it back to Judge Huck that he's going to do it any different on remand? You know what I think, Judge . . . well, it depends on what the remedy is that the court provides. But what I think . . . What I think Judge Huck . . . I'm sorry. I'm interested in your answer, but I wanted to throw this in the mix for when you answer. Sure. What if we agree with you that Trinidad shouldn't have been allowed to intervene or act as an intervener on the one hand, but we find no clear error in Judge Huck's finding about the agreement itself? If we send it back to Judge Huck, his finding about the agreement stays intact, how does it possibly come out any differently? I mean, I know we're not supposed to be primarily concerned with the practical resolution of this, but I can't help but wonder about that. I mean . . . Okay. I would say in that case, it doesn't come out any different, but I do think the authenticity determination should be reversed. Both sides cite U.S. v. Caldwell for what the judge should have done, the prima facie evidence. How the court in its ultimate judgment and in its oral findings effect determined authenticity in this case is, was the collateral assignment executed and delivered in or about July of 2001? That's how he defined authenticity. Now, under U.S. v. Caldwell, we were required to make out a prima facie case. We did that. The court acknowledged, and counsel for the other side has acknowledged, that there was direct evidence that the document was signed, executed, and delivered. The court said this is a fairly close case. It's a difficult case. Under U.S. v. Caldwell, the case everybody relies on, the panel in that case said, this no competent evidence abusive discretion standard is a cumbersome one to apply. What the court should look at is, could a reasonable person find some evidence that this was authentic? That's what phase one was about. In fact, when the government went to stipulate to the admissibility of the collateral assignment, the judge stopped them, said that would be the end of phase one. . But something shouldn't relate to phase two it should be either proclusional testimony maybe borrowing the government from taking positions and consistent with a theory forfeiture maybe reassigning to a different joke judge huckson shirt curiously thought about recusing himself but they didn't say in response to that did he asked we said we would expect you to rule on that indeed but you didn't say please refuse yourself we could not go that it's kind of tough to do i realize but it's it's really i was just no it is it's tough to do but the court of course can do it sua spontane on its own so i see that uh uh i'll i have three minutes left in rebuttal if the court has other questions maybe i'll address them then but i hope i i hope i addressed what you had in mind thank you mr pollard um we all have three minutes um mr mattson hold on one moment oh sure okay mr mattson okay thank you very much good morning your honors may please the court dan mattson on behalf of the united states with me at council table is mark lester one of the assistant u.s attorneys who handled the case in the district court trinidad's pre-evidentiary hearing participation in this case although procedurally unusual was nevertheless legally proper and in any event any error in this case as your honors pointed out um is harmless and your honors therefore should affirm the district court the district court um followed the dictates of the governing statute in this case uh to the letter um section 853 and 5 specifically deals with who can participate at the evidentiary hearing and what they can do at the evidentiary hearing um that statute says that the government and the third party petitioner can participate at that hearing can put on witnesses put on testimony and cross-examine witnesses that's what happened that's exactly what happened all right what permitted the district court to it to allow trinidad to intervene in the pre-hearing discovery process so the district so i think there's a distinction to be made here so unlike maritime which intervened as a third party petitioner asserting an immediate claim to the property here the district court allowed uh trinidad to uh intervene uh as a contingent uh recipient of restitution pending the successful litigation of the forfeiture was that proper um we believe it was proper um it appears that trinidad moved under federal rule of civil procedure 24 a 2 and we believe that trinidad did meet that standard and again this is an unusual case i don't know of any case law of one way or the other dealing with similar facts anywhere but so what so your contention is then that the forfeiture proceeding was at that point a civil proceeding that the federal rules of civil procedure would have governed correct this was intervention uh as of right correct and this court in several opinions has made clear that section 853 and proceedings are civil in nature opinions like davenport peace pease both of which are cited in our brief and the federal rules of civil procedure would govern here what would that would fat what if would we have to go as far as saying that um federal rule of civil procedure 24a applies or would it be enough to say that at the least it could have been permissive intervention under 24b i i think the latter i mean your honor certainly could affirm on any basis apparent from the record and but the district court didn't really invoke either of those provisions did it correct i mean the district court spoke in terms of you know the need for judicial efficiency and judicial economy um but it didn't make clear uh admittedly um which provision it was traveling under this was not clear to me from your briefs um today your position on behalf of the united states that is that a victim has a right to intervene in a civil forfeiture proceeding in under these particular facts and again this is an unusual case um here the district court allowed trinidad to enter and the bank groups to intervene not as victims asserting third-party claims or as you know to use rule 24 as an end run around section 853 n but for purposes of assisting the government with this litigation i understand your point is well taken that many times experts paralegals uh academicians they all assist the united states in civil matters but what is the provision that would allow such assistance as an attorney absent going through the special assistant united states attorney appointment proceedings i don't know that there's a specific provision that governs here one way or the other but um but what i you know but what we do know from looking at the statute that governs these ancillary proceedings which is section 853 n congress explicitly said who can participate at the evidentiary hearing and again that's only the government and the petitioner now sections 853 and one through four would seem to suggest that maybe federal rule of civil procedure 24 really doesn't apply here that's i mean that's certainly possible i mean this is a civil proceeding but whether or not i mean whether or not that particular rule well i mean your if your argument is that the statute provides that only the government the federal government could have participated in not doesn't that undercut your argument no no about federal rule of civil procedure 24 no so federal civil procedure 24 provides for an independent method you know for intervention now that 853 n 5 deals only with the evidentiary hearing in this case and of course trinidad did not participate in any way shape or form at that evidentiary hearing yeah but that that was the purpose right of the intervention was to prepare for that evidentiary hearing isn't that right i mean the purpose of the right i mean the purpose of the intervention from the district court's perspective was to allow trinidad to assist the government right but in preparation for the evidentiary hearing right among other things right what other things i mean there might not have been an evidence that's where that's what that's where it was headed right right i mean there were also summary judgment motion motions filed so theoretically may not have gotten that far but you know certainly to to a resolution of the ancillary proceeding i think it would be fair to say yeah but they as an ancillary proceeding where you're saying the statute contemplates only two parties and not trinidad at the evidentiary hearing correct but congress was silent as to what should happen before the evidentiary hearing and it uses 853 n 1 through 4 to lay out how proceedings before the evidentiary hearing should work and so if congress had wanted to limit 853 n proceedings generally just to the government and the petitioner it could easily have said so it would have taken one sentence i mean 853 n 5 is two sentences long in terms of who can participate at the hearing and what they can do and congress didn't do that i want to ask you about one of the ways in which your brethren say that they were prejudiced is that i think i'm misspoke i think it was in 2007 instead of 2006 but um the government moved to vacate the order of forfeiture right uh and i to move for an order vacating the order of forfeiture as to the red road property in favor of restitution in quote and so and then as i understand the record uh trinidad opposed that motion and the government decided to leave it in the forfeiture context so how i mean it does seem like trinidad's participation had some impact on maritime what would say you about that right so i believe and you know these the assistant u.s attorney who filed that motion is no longer with the office but i believe i believe no i know but i believe that the i believe that that motion rested on a misunderstanding and this gets back to the distinction between um intervention under 853 you know raising a claim a third-party claim under 853 n in the way that maritime did um versus what the district court did with trinidad in this case where you know generally when victims try to um you know raise claims under 853 n or to intervene in this case the government you know moves to dismiss because they're not supposed to do that i mean they can't victims can't say we have an immediate claim to this property i mean that's where the government to litigate and so i think what the ausa was thinking was that this is what trinidad was trying to do when in fact you know the reason the district court let trinidad in was not for that purpose but for purposes of assisting the government um in any event any area here would be harmless and you know as you know the court was discussing earlier well that wouldn't have been i mean if the if the ausa whether he was confused or not had prevailed in his efforts to to end the forfeiture proceeding as to the red rock property and make it over to restitution then you know this this would be over with wouldn't it it would have been over with 11 years ago again i mean i don't know exactly what the motivation i mean i think the motivation i'm not asking about the motivation i'm asking if he had uh prevailed in his uh request to the court which it seems like uh he would have if trinidad hadn't been there um then it would be over so that that does demonstrate prejudice is just my question to you i mean do you disagree with that i don't know that we can go that far i mean i don't know what i mean i you know truthfully don't know what it was that led the government not to you know to to vacate that motion i don't know if it was trinidad's presence i don't know if it was something else i you know i just can't that council let's say the the uh wrinkle down below hypothetically was not that we've got a different a foreign nation stepping into the shoes of the united states but the attorneys acting on their behalf weren't even licensed attorneys and were uh practicing champerty so to speak went ahead and did the depositions would it be the united states position that well no harm no foul of those come in any way because after all the statute dictates the united states and claim it in the hearing i mean i think that would i mean i think if unlicensed attorneys took depositions i don't know that those depositions would be admissible i mean i'm just trying to explore the confines of your argument that whatever happened during the discovery process won't matter so long as the proper parties show up at the hearing right and you know and in this case your honors don't even need to get that far because uh and i would direct your honors to docket entry 1270 at page 6 uh docket entry 1270 is the district court's oral findings of fact before he even starts um setting forth his findings of fact and he's sort of giving a general overview of the case where you know he says that the case is a pretty close one as maritime says he also says that he was leaning the other way before the evidentiary hearing and it was the evidentiary hearing actually that was outcome dispositive in the district court's mind and so from a harmless error perspective the district court's own words leave no doubt what was decisive in this case and that was the evidentiary hearing at which the government and only the government put questions to witnesses and if you fast forward three pages in the district court's own wording he references miss alfonso's deposition sure that as i understand was uh first chaired by uh a foreign government and he bases part of his ultimate decision on his assessment of that discovery piece is that correct so the district court also makes an alternative finding as to miss alfonso where he says you know even if i took her testimony as credible it really wouldn't move the needle one way or the other because all she testified to was that she found a document purporting to be this collateral assignment doesn't make it any more likely or not that it was the real thing the genuine article and so even if we eliminate that deposition from the equation we're still at the same end result well is there any reason to think that had trinidad not participated that the pre-trial discovery would have turned out any different with just the government doing the work absolutely not your honor and in fact you know just thinking this through uh you know how a hypothetical remand would look in this case i mean the same depositions will be taken the same witnesses will be asked the same questions substantially the same answers will be presumably adduced uh and i probably will be standing at this same lectern in three four years from now arguing the authenticity issue i mean it'll be a case of however the court looks at it would be harmless uh you've got two minutes okay thank you i'm happy to address any other questions if your honors have them is there anything you'd like to add with regard to the authenticity argument sure um you know the district court had a number of bases on which to you know that support its finding of lack of authenticity the collateral assignment itself had a number of facial problems it was never recorded it was never witnessed it wasn't notarized the title holder to the red road property was not a party to it it didn't include the legal title or i'm sorry the legal description of the property it was found in the district court's own words willy-nilly in a disorganized storage room let me direct you though to the point that your colleague on the other side of the bar makes and that is that perhaps the district judge skipped a step in uh analyzing 901 right well even if the district court skipped a step any error along those lines would be harmless because at the end of the day he has to hear all that that evidence and decide one way or another whether it's authentic or not exactly exactly i mean if your honors were to send it back you know all the district court would say was uh yes uh you know or what it might say was yes maritime uh set forth the prima facie case but i still don't think that it's the article that it purports to be and therefore i rule in favor of the government and it seems like your adversary's argument is well he should have said some magic words to begin with um but at the end of the day would have still made the same determination precisely your honor thank you mr matski we would ask that your honors affirm in all respects thank you very much mr pollard you have three minutes thank you your honor let's remember that the district court entered this intervention order over the objection of the united states attorney this isn't anybody here that the united states attorney sought their assistance this is over the objection of the united states attorney that creates a serious separation of powers issue the courts don't have the power to invade the authority of the united states attorney on the issues that it did in this case that makes it a systemic error which this court should be should go out of its way to remedy and make clear on authenticity let's be very clear what the court found page 1916 of the record i just finded that the collateral assignment did not exist back then there is no evidence to support that there is evidence to the contrary 1917 it's just as likely it could have been placed there by anybody there is no theory of fabrication in fact during the relevant periods of time mr gutierrez was in testimony and discredited them right he he chose for improper reasons unrelated to demeanor to discredit the testimony of some witnesses and to just disbelieve it i don't know how he can then say that i find in a very close case given direct testimony that there is no evidence that it exists so i think that is clearly erroneous secondly with respect to all this stuff about recordation all this stuff about the the property is titled in the name of inversiones rampant van that testimony all should have been heard we we defeated summary judgment on the recordation issue because florida law doesn't look to recordation as the absolute it's who exercises dominion and control over the property we put in evidence in summary judgment which we created a genuine issue material fact on there's no dispute that gutierrez exercised dominion and control over this property on the title being in inversiones rapid vent i mean to talk about some of the rat holes we were forced to chase in this case we got a panamanian expert law inversiones rapid van is a panama corporation very distinguished fellow from the university of miami who testifies about panamanian corporate law looks to bearer shares the bearer shares determine who owns the property the bearer shares here were held by an attorney who's gutierrez therefore gutierrez is the all of that should have come in none of it did and so what the court did when it went to these circumstantial evidence is it looked at things that were not even sufficient to win on the ultimate merits and drew adverse inferences from court can't do that that was improper and clearly erroneous and i think the verdict should be reversed and the court enter uh remanding it and enter appropriate relief that will protect us from some of the parade of horribles that counsel just talked about that will occur in phase two thank you very much we stand in recess till tomorrow morning